IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD NEIL BAREFOOT, | ) |
| Petitioner, | ) ) |
| v. | ) No. 3:12-cv-00867 |
| STATE OF TENNESSEE, | ) Judge Campbell |
| Respondent. | ) ) |

## ORDER

Petitioner Richard Neil Barefoot, a pretrial detainee presently held at the Sumner County Jail in Gallatin, Tennessee, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). In his pleading, the petitioner alleges that he is in state custody awaiting trial on criminal charges as a result of a transfer from federal custody pursuant to the Interstate Agreement on Detainers ("IAD"). He asserts that the State of Tennessee has forfeited jurisdiction over him based on the State's willful failure to comply with the IAD insofar as it failed to bring him to trial within 180 days. He asserts his right to due process has been violated by the State's failure to comply with the IAD and the federal government's failure to safeguard his rights. The petitioner seeks an order compelling the State to comply with the terms and policies of the IAD and to dismiss with prejudice the state charges against him. Attachments to the habeas petition show that the petitioner, through counsel, filed a motion in the Sumner County Criminal Court to compel compliance with the IAD. That court denied the motion.

"The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction. Forty-eight states (all but Louisiana and Mississippi), the District of Columbia, Puerto Rico, the Virgin Islands and the United States are all signatories of the IAD." *Norton v. Parke*, 892 F.2d 476, 477 n.2 (6th Cir. 1989) (citations omitted); *Carchman v. Nash*, 473 U.S. 716, 719 (1985). In Tennessee, the IAD is codified at Tenn. Code Ann. §§ 40-31-101 through -108. The IAD requires that a prisoner transferred under its terms be tried on outstanding criminal charges within 180 days of his request. Assuming the prisoner shows that he complied with the IAD's procedural requirements, the prisoner is entitled to dismissal of the charges with prejudice if he is not tried

within the requisite 180-day time period. Article III, IAD, Tenn. Code Ann. § 40-31-101. However, where the IAD applies, courts require strict compliance with the formal procedures set forth therein before a prisoner may petition a federal court for relief. *Norton*, 892 F.2d at 480--81.

The petition and attachments thereto suggest that the petitioner has followed or attempted to follow the formal procedures of the IAD and that he has requested a trial date, and that the 180-day period has run. As it is not apparent from the face of the petition that the petitioner is not now entitled to relief, the respondent is **DIRECTED** to file an answer, plead or otherwise respond to the petition within **30 days** of the date of entry of this order.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order by certified mail on the Attorney General of Tennessee.

It is so **ORDERED**.

_____
Todd Campbell
United States District Judge