IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICHARD NEIL BAREFOOT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 3:12-cv-00867 |
| STATE OF TENNESSEE, | ) ) | Judge Campbell |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

Before the Court is the State of Tennessee's Motion to Dismiss (ECF No. 11) petitioner Richard Barefoot's § 2241 habeas petition on the grounds that it fails to state claim for relief because (1) the sole respondent, the State of Tennessee, is immune from suit; (2) the claims are not exhausted; and (3) the petition requests dismissal of the charges rather than the setting of a trial date. The State also asserts that abstention is required under *Younger v. Harris*, 401 U.S. 37 (1971), because the petitioner requests that the Court enjoin pending state criminal proceedings. The petitioner has filed a response in opposition to the motion to dismiss (ECF No. 13).

I.  **Factual Background**

As of January 2012, the petitioner was in federal custody serving a federal sentence. Around January 11, 2012, the petitioner officially requested to be tried pursuant to the Interstate Agreement on Detainers ("IAD") on outstanding state indictments for identify theft, fraud, money laundering, and theft of property. (*See* ECF No. 1-1, at 1.) The petitioner was transferred to the Sumner County Jail, and Sumner County accepted temporary custody of the petitioner on January 31, 2012. (ECF No. 1-1, at 2.) The petitioner's federal sentence expired on May 26, 2012, while the petitioner was in Sumner County's custody.

The Sumner County Criminal Court initially set a trial date for the state charges of July 22, 2012. The petitioner objected to this date as falling outside the 180-day limit of the IAD for initiating trial. The petitioner argued in a motion filed by his trial counsel that the state's receipt of his request to transfer custody on January 11, 2012 triggered the IAD's time calculation. In this motion, the petitioner did not actually request an earlier trial date—he simply objected to the date set as outside the limits of the IAD. The Sumner County

Court ultimately ruled that the petitioner was not subject to the IAD at all, because his federal sentence had expired. The petitioner did not immediately appeal that ruling. The Sumner County Court has set a new trial date of April 9, 2013.[1]

The petitioner filed the instant petition on August 6, 2012, alleging that his current confinement violates his right to a speedy trial under the IAD. He does not request that the Court set a trial date, or set an earlier trial date. Rather, he demands his immediate release from custody and the dismissal with prejudice of the state charges pending against him.

II.     **Analysis**

The State's first basis for dismissal of the petition is that the State of Tennessee is immune from suit and that it is not the proper respondent in this action. The petitioner has filed a motion to add Sumner County Sheriff Sonny Weatherford as the appropriate respondent. Because his petition will be dismissed for failure to exhaust, as set forth herein, the Court has no need to address the issue of the improperly named respondent, or the petitioner's motion to add Sheriff Weatherford as the appropriate respondent. By separate order, that motion will be denied as moot.

A.     **Legal Standard**

The petitioner claims that the IAD was violated when he was not brought to trial in state court within 180 days after the State of Tennessee accepted custody of him under the IAD on January 31, 2012. "The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Norton v. Parke*, 892 F.2d 476, 477 n.2 (6th Cir. 1989). In Tennessee, the IAD is codified at Tenn. Code Ann. § 40–31–101 through –108.[2]

Generally, in the Sixth Circuit, violations of the IAD cannot form the basis for habeas corpus relief. *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988) (holding that the IAD did not provide a basis for relief under 28 U.S.C. § 2254). Even assuming relief may be available under 28 U.S.C. § 2241, prisoners seeking

---

[1] This date is unverified. Counsel for the State indicates that he was informed of this trial date by telephone by the assistant district attorney prosecuting the petitioner's state case. Counsel asked the district attorney for documentation of the date, and states he will file it upon receipt. The petitioner does not contest the State's assertion that an April 9, 2013 trial date has been set.

[2] Forty-eight states (all but Louisiana and Mississippi), the District of Columbia, Puerto Rico, the U.S. Virgin Islands, and the United States are signatories of the IAD. *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

relief under the IAD must pursue the remedies laid out in the IAD before seeking habeas relief in federal court. *Norton*, 892 F.2d at 480 (describing the various IAD forms to be used in requesting relief under the IAD). As the Sixth Circuit held in *Norton*, it is not enough to file pleadings in the state court invoking the IAD. *Id.* at 480-81.

More to the point, to pursue relief under § 2241, a petitioner must exhaust his state procedural remedies. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) ("A body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.")

In this case, the petitioner has not alleged that he exhausted the formal procedure laid out in the IAD, or that he exhausted his state court remedies. In fact, the petitioner expressly states in his petition that he did not exhaust his state procedural remedies because he "seek[s] to have the issue resolved in the federal court." (ECF No. 1, at 3.) Further, a review of the petition reveals that in June 2012, he filed a motion (through counsel) in Criminal Court for Sumner County invoking the IAD and demanding that the State comply with its obligations under the IAD. The court apparently denied the motion on the basis that the IAD no longer applied because the petitioner's federal sentence has expired. The petitioner does not indicate that he has filed anything with the Tennessee appellate court regarding the denial of his motion in the state trial court. For exhaustion to occur, the state courts must have a full opportunity to resolve any constitutional issues, including one full round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petition under § 2241 is therefore subject to dismissal for failure to exhaust.

Moreover, the petitioner does not ask this Court to force a trial in the state court in order to protect his constitutional right to a speedy trial. The Supreme Court has observed that, absent "special circumstances," federal habeas corpus relief is not available to review the merits of a claim that amounts to an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). One exception to that limitation is where a state prisoner asserts his speedy trial rights *solely* for the purpose of seeking a writ of habeas corpus that would

-3-

order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 547 (6th Cir. 1981) (noting that, although a pre-trial habeas corpus petition is ordinarily not an appropriate means for seeking to dismiss an indictment or otherwise to prevent a prosecution from proceeding, an attempt to force the state to go to trial may be made prior to trial). The petitioner here has not made a cognizable pretrial habeas claim insofar as he seeks dismissal of his state indictment and release from custody, instead of an order to set a timely trial date. Dismissal of the state-court criminal charges outright is not within this Court's power under the circumstances presented here. Thus, even if the petitioner had exhausted his administrative remedies, the petition must be dismissed.

In sum, the petitioner's claims regarding the IAD must be dismissed without prejudice for failure to exhaust and because the petitioner seeks relief that this Court may not provide under the circumstances presented.

An appropriate order will enter.

Todd Campbell
United States District Judge